ROY J. DANIEL v. THE STATE.

No. 17533. Delivered April 17, 1935.
State's Rehearing Denied June 12, 1935.

The opinion states the case.

*Otis Rogers* and *Joe Spurlock,* both of Fort Worth, and *John Davenport,* of Wichita Falls, for appellant.

*Mike Anglin,* County Attorney, of Wichita Falls, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement; the punishment, confinement in the penitentiary for two years.

Omitting the formal parts, the indictment reads as follows: "Roy J. Daniel on or about the 26th day of April, A. D. 1934, and anterior to the presentment of this indictment, in the County of Wichita and State of Texas, was an officer of the Wichita County Democratic Executive Committee of Wichita County, Texas, a corporate body hereinafter called owner, and the said Roy J. Daniel did then and there fraudulently embezzle, misapply and convert to his own use, without the consent of the said owner certain money belonging to the said owner, to-wit: One Hundred Eleven Dollars and nine cents, lawful money of the United States, of the value of $111.09 which said money had come into the possession and was under the care of the said Roy J. Daniel by virtue of said office."

Appellant predicated a motion to quash the indictment upon the ground, among others, that a county Democratic executive committee is not a corporation or body corporate. Article 3118, Revised Civil Statutes, 1925, reads as follows:

"There shall be for each political party required by this law to hold primary elections for nomination of its candidates, a county executive committee, to be composed of a county chairman, and one member from each election precinct in such county; the committeeman from such election precinct shall be chairman of his election precinct, and the said county chairman shall be elected on the general primary election day; a county chairman by the qualified voters of the whole county, and the precinct chairman by the qualified voters of their respective

election precincts. Said county and precinct chairman shall assume the duties of their respective offices on Saturday following the run-off primary immediately after the committee has declared the results of the run-off primary election. Said county chairman shall be ex-officio a member of the executive committee of all districts of which his county is a part, and the district committee thus formed shall elect its own chairman. Any vacancy in the office of chairman, county or precinct, or any member of such committee shall be filled by majority vote of said executive committee. The list of election precinct chairmen and the county chairmen so elected, shall be certified by the county convention to the county clerk, along with the other nominees of said party. If there are no requests filed for candidates for county and precinct chairman, a blank space shall be left on the ticket beneath the designation of such position."

In the case of County Democratic Executive Committee in and for Bexar County et al. v. Booker, 52 S. W. (2d) 908, the Supreme Court of this State held that a county executive committee can be sued only by bringing suit against the county chairman and the committeemen from each election precinct. We are constrained to hold that under the terms of article 3118, supra, the executive committee provided for therein is not a body corporate or corporation. Therefore the motion to quash the indictment should have been sustained.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Embezzlement is defined in the Penal Code of Texas, 1925, arts. 1534 to 1544, inclusive. The first subdivision of the statute defining embezzlement makes evident that the offense is one in which the offender has been entrusted with the possession of money or property belonging to some person or agency. The statute, including the articles mentioned, carries the implication that to support the prosecution for the offense of embezzlement the party injured must be either a person or a corporate entity. The offense in the present instance does not appear to come within the classification included in the statutes. According to the indictment, the prop-

erty, the loss of which is the basis of the prosecution, came into possession of the appellant by virtue of his membership in the political organization known as the "Wichita County Democratic Executive Committee of Wichita County, Texas," which was created by the act of the Legislature set out in article 3118, Revised Civil Statutes, 1925, which is copied in the original opinion herein. Under the holdings of the Supreme Court of the United States and the Supreme Court of this State, the executive committee of a political party is a voluntary association for political action. See Grovey v. Townsend, U. S. Sup. St. Advance Opinions, 1934-1935, vol. 79, No. 11, p. 609; also Bell v. Hill, 74 S. W. (2d) 113. It is not a body corporate, nor is it an incorporated company. It follows that the averment in the indictment that the principal of the appellant was a body corporate was not warranted. Under the circumstances, we are constrained to hold that the indictment was not sufficient to charge the offense of embezzlement.

The motion for rehearing is overruled.

*Overruled.*